IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-11-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ALFREDO MARTINEZ CORTEZ, | |
| Defendant. | |

Defendant Cortez moves the Court, for a second time, for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 96-month sentence for a federal drug offense. *See* Judgment (Doc. 185). His projected release date is January 18, 2022. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Mar. 16, 2021).

As of March 15, 2021, one inmate and five staff members at FCI Sheridan, Oregon, where Cortez is incarcerated, have confirmed, open cases of COVID-19. Fifty-eight inmates and 12 staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Mar. 16, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Cortez's sentence if "extraordinary and compelling reasons warrant

1

such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Cortez must also show that he "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 31242(g)(1), (3)(A).

Cortez is 59 years old. He states that he is 5'10" tall and weighs over 350 pounds, has cirrhosis and liver cancer, and has a history of hospitalization for hypertension, a heart attack, a pancreas operation and kidney disease. *See* First Mot. (Doc. 238) at 4; *see also* Presentence Report ¶¶ 121–126. The United States responds that it can confirm his cirrhosis but could not confirm he has liver cancer.

---

[1] The statute provides that any sentence reduction must be consistent with the applicable policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. To date, the Ninth Circuit has not addressed the issue, but other appellate courts have concluded that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). Whether the guideline is legally binding or not, it might be a useful *guideline* in evaluating the motion.

*See* U.S. First Resp. (Doc. 240) at 10.

Cortez's severe obesity *will* increase his risk of developing severe illness if he contracts the SARS-CoV-2 virus. Hypertension and "chronic liver disease . . . especially cirrhosis," *may* increase his risk. And "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Mar. 16, 2021) ("Liver Disease" and "People with Multiple Underlying Conditions").

As the Court said previously, a prisoner who has these conditions cannot choose for himself to take the recommended protective measures. But one important factor has changed since Cortez filed his first motion. About 10% of the inmates at Sheridan have been fully inoculated against SARS-CoV-2. *See* COVID-19 Vaccine Implementation, www.bop.gov/ coronavirus (accessed Mar. 13, 2021). Due to his health conditions, Cortez will likely have a high priority for vaccination. *See* Bureau of Prisons, COVID-19 Vaccine Guidance at 6 (Mar. 11, 2021), *available at* www.bop.gov/resources/ health_care_mngmt.jsp (accessed Mar. 16, 2021). Nothing is foolproof, but vaccination will give Cortez the highest level of protection currently available. And, overall, Sheridan has done better than

many BOP facilities at controlling spread of the virus. *See* Interactive Map, www.bop.gov/coronavirus (accessed Mar. 16, 2021).

Cortez shows that he has used his time in prison well, *see* Second Mot. Ex. A (Doc. 254-1) at 1, 3–4, and he appears to be moving toward placement at a prerelease center or on home confinement, *see id.* at 4–5. Because it may be helpful to Cortez, *see id.* at 5, the Court will, considering this additional information, recommend that he be transferred to a prerelease center or home confinement as soon as he is eligible. *See* 18 U.S.C. § 3621(b). Reducing Cortez's sentence to time served, however, is not warranted.

Accordingly, IT IS ORDERED:

1. Cortez's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 253) is DENIED.

2. In view of his rehabilitative efforts in prison and his family's support, the Court RECOMMENDS that Cortez be transferred to a prerelease center or home confinement as soon as he is eligible.

DATED this 16th day of March, 2021.

14:04 P.M.

Donald W. Molloy
United States District Court

4